IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD L. HICKAM,

        Petitioner,

vs.                                                       No. CIV-06-1132 JB/RLP

JAMES JANECKA, Warden, and
PATRICIA A. MADRID,
Attorney General of the
State of New Mexico,[1]

        Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Respondents' Motion to Transfer Petition for Writ of Habeas Corpus to the United States District Court for the District of Colorado, filed January 3, 2007 (Doc. 7)("Motion"). The primary issue is whether the Court should transfer Petitioner Gerald L. Hickam's request for a writ of habeas corpus to the United States District Court for the District of Colorado. Because the Court concludes that it has territorial jurisdiction to hear Hickam's request and that the District of Colorado does not, it will deny the motion to transfer.

## PROCEDURAL BACKGROUND

On November 20, 2006, Hickam filed his habeas corpus petition. See Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed November 20, 2006 (Doc. 1). In his petition, Hickam challenges a determination the Colorado Parole Board made that he alleges lengthens his sentence. See id. at 6. Hickam is incarcerated in New Mexico, serving a life sentence for crimes he committed in Colorado, and for which he was convicted and sentenced

---

[1] As of January 1, 2007, the Attorney General of the State of New Mexico is Gary K. King.

in Colorado. <u>See</u> Motion, Exhibit A, Judgment of Conviction: Sentence: and Order to Sheriff (Mittimus)(dated January 27, 1986). He was transferred to a corrections facility in New Mexico pursuant to an Interstate Corrections Compact Services Application. <u>See</u> Motion, Exhibit B, Interstate Corrections Compact Services Application (dated July 26, 1994).

On January 3, 2007, the Respondents filed their motion to transfer Hickam's request for writ of habeas corpus to the District of Colorado. <u>See</u> Doc. 7. The Respondents contend that they do not have access to the documentation needed to respond adequately to Hickam's petition, and that the proper respondent in this case is the Attorney General for the State of Colorado. <u>See</u> Motion at 2. The Respondents also argue that those circumstances justify the transfer of Hickam's petition to the District of Colorado pursuant to 28 U.S.C. § 1401(a). <u>See</u> <u>id.</u>

## **LAW REGARDING TRANSFERS OF VENUE FOR CONVENIENCE**

The venue of civil cases may be changed under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division <u>where it might have been brought</u>." 28 U.S.C. § 1404(a) (emphasis added). The term "any civil action" embraces habeas corpus cases; thus, § 1401(a) applies to habeas cases. <u>See</u> <u>Smart v. Goord</u>, 21 F. Supp. 2d 309, 313 (S.D.N.Y. 1998). In determining whether to transfer a case pursuant to § 1404(a), the court should weigh a number of factors, including:

> [i] the plaintiff's choice of forum, [ii] the locus of the operative facts, [iii] the convenience and relative means of the parties, [iv] the convenience of witnesses, [v] the availability of process to compel the attendance of witnesses, [vi] the location of physical evidence, including documents, [vii] the relative familiarity of the courts with the applicable law, and [viii] the interests of justice, including the interest of trial efficiency.

<u>Smart v. Goord</u>, 21 F. Supp. 2d at 315.

## LAW REGARDING JURISDICTION OVER HABEAS CORPUS PETITIONS

Section 2241 of title 28 of the United States Code, in relevant part, provides:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

28 U.S.C. § 2241. Review of a petition for writ of habeas corpus brought pursuant to § 2241 must be sought in the district where a petitioner is confined at the time of filing the petition rather than in the district where a prisoner is convicted and sentenced. See McBee v. Lewis, 166 Fed. Appx. 360, 362 (10th Cir. 2006)(citing Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)). Petitions for writs of habeas corpus challenging the execution of sentences are properly brought under § 2241, not 28 U.S.C. § 2254. See Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)(citing Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)).

Section 2254 of title 28 of the United States Code states, in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254. Whereas a request for a writ of habeas corpus challenging the execution of a sentence is properly brought pursuant to § 2241, a writ request challenging the validity of a conviction and sentence is correctly brought pursuant to 28 U.S.C. § 2254. See Montez v. McKinna, 208 F.3d at 865 (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997)(ruling on an inmate's § 2241 petition challenging the decision of the United States Parole Commission)).

The Supreme Court of the United States' decision in Rumsfeld v. Padilla, 542 U.S. 426 (2004), appears to have altered the more fluid nature of personal jurisdiction over § 2241 matters

that the Supreme Court's earlier ruling in <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973), seemed to countenance. In <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, the Supreme Court considered whether an inmate serving a sentence in an Alabama prison could, under § 2241, challenge the validity of a Kentucky detainer lodged against him in the United States District Court for the Western District of Kentucky. See <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. at 485-87. The <u>Braden</u> Court ruled that the inmate's petition could be heard in the Western District of Kentucky, holding:

> In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer. Here, for example, the petitioner is confined in Alabama, but his dispute is with the Commonwealth of Kentucky, not the State of Alabama. Under these circumstances it would serve no useful purpose to . . . require that the action be brought in Alabama. In fact, a slavish application of the rule would jar with the very purpose underlying the addition of the phrase, "within their respective jurisdictions." We cannot assume that Congress intended to require the Commonwealth of Kentucky to defend its action in a distant State and to preclude the resolution of the dispute by a federal judge familiar with the laws and practices of Kentucky.

<u>Id.</u> at 499. The Supreme Court in <u>Braden v. 30th Judicial Circuit Court of Kentucky</u> also stated:

> Nothing in this opinion should be taken to preclude the exercise of concurrent habeas corpus jurisdiction over the petitioner's claim by a federal district court in the district of confinement. But as we have made clear above, that forum will not in the ordinary case prove as convenient as the district court in the State which has lodged the detainer. Where a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum.

<u>Id.</u> at 499 n.15.

In <u>Fest v. Bartee</u>, 804 F.2d 559 (9th Cir. 1986), the United States Court of Appeals for the Ninth Circuit considered whether an inmate serving a sentence for a Nebraska conviction in Nevada, under the Interstate Corrections Compact, could have his habeas petition attacking an unfavorable parole decision heard in the United States District Court for the District of Nevada. See <u>id.</u> at 560.

The Ninth Circuit noted that, under the Compact, prisoners transferred to another state remain subject to the control and jurisdiction of the "sending" state, that the "receiving" state acts only as an agent for the sending state, and that Nevada officials are not responsible for the parole decisions of the Nebraska Parole Board.  See id.  The Fest court then held:

> Before he can bring a petition for habeas corpus in district court the appellant must exhaust his claims in state court.  Nebraska has continued jurisdiction over and constructive custody of Fest.  He must bring his claims in that state.
>
> A habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian.  Braden v. 30 Judicial Cir. Ct. of Ken., 410 U.S. [at] . . . 495-99 . . . .  The physical presence of the prisoner is not necessary for habeas corpus jurisdiction as long as the court has jurisdiction over the person holding the prisoner.
>
> [T]he appellees are the State of Nebraska and the members of the Nebraska Board of Parole.  The law and procedures at issue are those of Nebraska.  The appellant is more properly considered to be in the custody of Nebraska.  The petition should be brought in Nebraska.

Fest v. Bartee, 804 F.2d at 560 (internal citations omitted).

Similarly, in Smart v. Goord, the Honorable James C. Francis IV, United States Magistrate Judge for the Southern District of New York, considered whether an inmate's petition for habeas corpus should be transferred to the United States District Court for the District of New Hampshire where the inmate had been convicted in New Hampshire and then relocated to New York to serve her sentence pursuant to the Interstate Corrections Compact.  See id. at 311-13.  Citing Braden v. 30th Judicial Circuit Court of Kentucky and Fest v. Bartee, Magistrate Judge Francis held that the petition should be transferred to the District of New Hampshire, stating:

> The question here is whether New Hampshire may be considered [the petitioner]'s "custodian" for habeas corpus purposes even though she is incarcerated in New York.  Absent other considerations, the custodian is the person with day to day control over the petitioner who can actually produce the body.
>
> [A]lthough the New York correctional authorities have day-to-day control over [the petitioner], New Hampshire is considered her "true custodian" because New York

>acts solely as New Hampshire's agent in incarcerating her, and because it is the New Hampshire conviction that is being challenged.
>
>[T]hus either the appropriate New Hampshire official or the agent custodian in New York would be a proper respondent in this action. . . . Accordingly, personal jurisdiction may be asserted in the District of New Hampshire over the appropriate official of that state's Department of Corrections, who may be substituted as the respondent.

Smart v. Goord, 21 F. Supp. 2d at 314.

Rumsfeld v. Padilla, raises questions whether Fest v. Bartee and Smart v. Goord, based as they are on Braden v. 30th Judicial Circuit Court of Kentucky, remain correct. In Rumsfeld v. Padilla, the Supreme Court considered whether the petitioner properly filed his § 2241 habeas petition in the Southern District of New York. See Rumsfeld v. Padilla, 542 U.S. at 430. Federal agents apprehended the petitioner in Chicago pursuant to a material witness warrant that the United States District Court for the Southern District of New York had issued. See id. The agents transported the petitioner to New York where he was held in criminal custody. See id. at 431. While in New York, the petitioner moved to vacate the material witness warrant. See id. Shortly thereafter, the President of the United States ordered the Secretary of Defense to detain the petitioner in military custody. See id. At that point, Department of Defense officials took the petitioner into custody and transported him to a military installation in South Carolina, where he has since been held. See id. at 432. The petitioner's counsel filed a habeas corpus petition in the Southern District of New York, naming the President, Secretary of Defense, and Commander of the Naval Brig in South Carolina as respondents. See id. The United States moved to dismiss the petition, arguing that the Commander, as petitioner's immediate custodian, was the only proper respondent, and that the United States District Court for the Southern District of New York lacked jurisdiction over the Commander because she was located outside of the Southern District of New York. See id.

Taking up the issue of who was a proper respondent, the Rumsfeld Court stated that the habeas provisions "contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge," and that, "[i]n accord with the statutory language and [the] immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." Id., 542 U.S. at 435 (emphasis in original).  The Supreme Court in Rumsfeld v. Padilla then held that Braden v. 30th Judicial Circuit Court of Kentucky did not support concluding that the Secretary of Defense was a properly named respondent, and that, in challenges to present physical confinement under § 2241,

> the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.  If the "legal control" test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition.  As the statutory language, established practice, and our precedent demonstrate, that is not the case.

Rumsfeld v. Padilla, 542 U.S. at 441-42.

In Rumsfeld v. Padilla, the Supreme Court next addressed the issue of whether federal district courts are limited to granting habeas relief within their respective jurisdictions.  See id. at 442.  The Supreme Court noted that it had previously interpreted § 2241 to "require nothing more than that the court issuing the writ have jurisdiction over the custodian." Rumsfeld v. Padilla, 542 U.S. at 442 (internal quotations omitted).  The Rumsfeld Court ruled that the petitioner's habeas application should have been filed in the District of South Carolina, holding: "In habeas challenges to present physical confinement, . . . the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent. . . .  By definition, the immediate custodian and the prisoner reside in the same district." Id. at 444 (emphasis in original).

Additionally, the Supreme Court stated:

> The proviso that district courts may issue the writ only within their respective jurisdictions forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Id., 542 U.S. at 446-47.

Since the release of Rumsfeld v. Padilla, courts have decided cases in manners contrary to Fest v. Bartee and Smart v. Goord. In Stokes v. United States Parole Commission, 374 F.3d 1235 (D.C. Cir. 2004), the United States Court of Appeals for the District of Columbia Circuit considered whether an inmate serving his sentence for a conviction in District of Columbia Superior Court outside of the District of Columbia could file a § 2241 habeas petition challenging an unfavorable parole decision in the United States District Court for the District of Columbia. See Stokes v. U.S. Parole Comm'n, 374 F.3d at 1237. Citing Rumsfeld v. Padilla, the Stokes court noted that in Braden v. 30th Judicial Circuit Court of Kentucky the immediate custodian rule did not apply because there was no immediate physical custodian with respect to the custody being challenged, and stated "it is clear the only proper respondent to [the petitioner]'s habeas petition was his immediate custodian -- that is, the warden of the Ohio facility in which he was incarcerated at the time he filed the petition." Stokes v. U.S. Parole Comm'n, 374 F.3d at 1238. In Stokes v. United States Parole Commission, the District of Columbia Circuit also ruled that "it is equally clear" that the District Court for the District of Columbia did not have jurisdiction over the warden of the Ohio correctional facility. Id. at 1239. Holding that the District Court for the District of Columbia lacked such jurisdiction and responding specifically to the petitioner's argument that the Supreme Court has abandoned an inflexible jurisdictional rule based on the territorial jurisdiction of the district court

in favor of explicit reliance on modern principles of personal jurisdiction and service of process, the District of Columbia Circuit, again citing Rumsfeld v. Padilla, stated:

> The Supreme Court's recent opinion in [Rumsfeld v.] Padilla unequivocally rejected that theory as well. Concluding that the limiting language in the habeas statute -- within their respective jurisdictions, 28 U.S.C. § 2241(a) -- means a district court may issue the writ only to one who is within its district, the Court held that in habeas cases involving present physical confinement, jurisdiction lies in only one district: the district of confinement. This is necessarily so because in such cases the immediate custodian and the prisoner reside in the same district. Therefore, a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.

Stokes v. U.S. Parole Comm'n, 374 F.3d at 414 (internal quotations omitted).

Similarly, in McBee v. Lewis, No. 05-5058, 2006 WL 270246 (10th Cir. February 6, 2006), the United States Court of Appeals for the Tenth Circuit considered whether the United States District Court for the Northern District of Oklahoma could entertain a petitioner's application for § 2241 habeas relief where the petitioner, while convicted in the Northern District of Oklahoma, was incarcerated in a federal institution in Oregon. The McBee court ruled:

> Upon review of the record and appellate brief, the court concludes that the district court was correct in dismissing the § 2241 petition. Judicial review of a § 2241 petition must be sought in the district where a prisoner is confined at the time of filing the petition rather than in the district where a prisoner is convicted and sentenced. At the time of filing his § 2241 petition, Petitioner McBee was incarcerated in Oregon and not Oklahoma. In cases such as this one where relief is sought in the sentencing court, the sentencing court lacks jurisdiction to consider claims for relief under § 2241.

McBee v. Lewis, 2006 WL 270246, at *2.

Given the strength and breath of the Supreme Court's language in Rumsfeld v. Padilla and the District of Columbia and Tenth Circuits' rulings in Stokes v. United States Parole Commission and McBee v. Lewis, respectively, the Court believes that the holding in Braden v. 30th Judicial Circuit Court of Kentucky has been limited and that the immediate custodian rule determines the

proper respondent and court for purposes of most § 2241 habeas petitions. While the Court is not free to decide that the Supreme Court has overruled Braden v. 30th Judicial Circuit Court of Kentucky, and thus the Braden v. 30th Judicial Circuit Court of Kentucky decision remains controlling precedent, the Court believes that the facts in Rumsfeld v. Padilla are closer to those presented here. Unlike Braden v. 30th Judicial Circuit Court of Kentucky, this case does not involve a detainer in another state, but requires the Court to determine whether New Mexico can properly detain Hickam. The Court acknowledges that there is some tension between the language of the two cases, but concludes that the facts and language of Rumsfeld v. Padilla suggest that the Court should narrowly construe Braden v. 30th Judicial Circuit Court of Kentucky.

The Court notes that, since the Supreme Court decided Rumsfeld v. Padilla was decided, at least one Magistrate Judge has held that § 2241 petitions for habeas corpus do not have to be brought in the district of confinement. In Williams v. Miller-Stout, No. 2:05-CV-864-ID, 2007 WL 3147667 (M.D. Ala. November 2, 2006), the Honorable Susan Russ Walker, United States Magistrate Judge for the Middle District of Alabama, denied a petitioner's request, which cited Rumsfeld v. Padilla, to transfer his habeas application challenging a parole decision from the Middle District of Alabama, where he was convicted, to the United States District Court for Eastern District of Washington, where he is serving his sentence per an interstate compact. See Williams v. Miller-Stout, 2007 WL 3147667, at *1. Magistrate Judge Walker rested her decision on Braden v. 30th Judicial Circuit Court of Kentucky, stating:

> While [the] Superintendent [in Washington] cannot necessarily be said to be indifferent to the resolution of Petitioner's challenge, only in the most formal sense does she control whether he is released. Rather, just as Kentucky controlled the duration of confinement in Braden and Alabama merely acted as Kentucky's agent, so does the Alabama Board of Pardons and Parole directly control whether Petitioner remains in custody. The Court's decision in Padilla does not alter this determination.

Williams v. Miller-Stout, 2007 WL 3147667, at *1.  The Court has concerns whether the ruling in Williams v. Miller-Stout is correct.  The Court also acknowledges that Williams v. Miller-Stout is a short, one-page opinion that does not treat Rumsfeld v. Padilla or its statements concerning § 2241 petitions and the immediate custodian rule in any depth.  The Court recognizes, moreover, that the decisions of Magistrate Judges in the Middle District of Alabama do not bind it.  The Court will not follow Williams v. Miller-Stout.

## ANALYSIS

The Court believes that the broad language in Rumsfeld v. Padilla counsels against the transfer of Hickam's § 2241 habeas petition to the United States District Court for the District of Colorado.  In any case, because of the concerns it has about the Colorado court's ability to maintain jurisdiction, the Court will deny the Respondents' Motion to Transfer Petition for Writ of Habeas Corpus to the United States District Court for the District of Colorado.

Section 1404(a) allows a case to be transferred for convenience's sake to any other district "where it might have been brought." 28 U.S.C. § 1404(a).  Because the Court finds that Rumsfeld v. Padilla would not have allowed Hickam to bring his habeas case in the District of Colorado in the first instance, the Court will deny the request for transfer.  According to the sweeping language the Rumsfeld Court employed with respect to § 2241 petitions, "the proper respondent is the warden of the facility where the prisoner is being held," Rumsfeld v. Padilla, 542 U.S. at 435, and the district in which the petitioning prisoner is being held is the district having territorial jurisdiction over the respondent, see id. at 444.  Stated differently, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 446-47.  Applying that rule, in Rumsfeld v. Padilla, the Supreme Court concluded that the United States District Court for the

Southern District of New York did not have jurisdiction over the Commander holding the petitioner in South Carolina. See id., 542 U.S. at 444.

Hickam characterized his petition as being brought pursuant to § 2254; however, petitions for writs of habeas corpus challenging the execution of sentences are properly brought under § 2241, not § 2254. See Boutwell v. Keating, 399 F.3d at 1211 n.2 (citing Montez v. McKinna, 208 F.3d at 865); See Montez v. McKinna, 208 F.3d at 865 (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997)(ruling on an inmate's § 2241 petition challenging the decision of the United States Parole Commission)).

Hickam, who can properly be considered as seeking relief under § 2241, correctly named his immediate custodian, Warden James Janecka, as a respondent and correctly filed his petition in the district of his confinement, the District of New Mexico. Under Rumsfeld v. Padilla, it would have been improper for Hickam to file his petition naming Janecka in the District of Colorado, because the District of Colorado would not have had territorial jurisdiction over Janecka. Because the District of Colorado may not have had territorial jurisdiction, it is not, for purposes of § 1404(a), a district "where [Hickam's petition] might have been brought." 28 U.S.C. § 1404(a). As such, this case cannot be transferred to the United States District Court for the District of Colorado, despite the added convenience such transfer may offer.

**IT IS ORDERED** that Respondents' Motion to Transfer Petition for Writ of Habeas Corpus to the United States District Court for the District of Colorado is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

William A. L'Esperance
Albuquerque, New Mexico

    *Attorney for the Petitioner*

Margaret E. McLean
Santa Fe, New Mexico

    *Attorney for the Respondent*