IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD L. HICKAM,

    Petitioner,

v.                                                      Civ. 06-1132 JB/RLP

JAMES JANECKA, Warden, *et al.*,

    Respondents.

## **MAGISTRATE JUDGE'S SECOND**
## **REPORT AND RECOMMENDATION**[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2241.[2]  Petitioner is represented by counsel.  Respondents previously filed a Motion to Transfer the Petition to Colorado [Doc. 7], which was granted in the Magistrate Judge's Report and Recommendation [Doc. 10].  In its Memorandum Opinion and Order, the district court rejected the Report & Recommendation [Doc. 14] and I requested Respondents to file an Answer [Doc. 15].  Respondents' Answer [Doc. 18] and exhibits and Petitioner's Response Memorandum [Doc. 19] are now before the Court.

    2.    Petitioner is currently incarcerated in New Mexico, serving a life sentence for crimes committed in Colorado and for which he was sentenced to life imprisonment in 1982.  *See* Exhibit A to Respondents' Motion.  He was transferred to New Mexico pursuant to an Interstate Corrections Compact Services Application.  *See id.*, Exhibit B.  His challenge is to a determination made by the Colorado Parole Board not to grant parole, which he alleges violates his due process rights.

    3.    Under Colorado law, individuals who committed crimes between 1979 and 1985 are entitled to parole after serving their sentences unless they committed, *inter*

*alia*, a Class 1 felony. *See Jackson v. Zavaras*, 963 P.2d 1118, 1119 (Co. 1998) (*en banc*) (citing § 17-2-201(5)(a), 8A C.R.S. (1986)).  The statutory provision cited indicates that for individuals who committed offenses exempting them from the mandatory parole, the parole Aboard has the sole power to grant or refuse to grant parole . . . ."

§ 17-2-201(5)(a).

    4.    Because the board has the sole power to grant or refuse to grant parole, a prisoner has no liberty interest in his parole. *White v. Beekmann*, 2005 WL 2739147, *2 (D. Colo. 2005) (unpublished decision)(citing *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)).  Because Petitioner has no liberty interest in parole under Colorado's system, he is not entitled to due process protections. *Id.*

## RECOMMENDED DISPOSITION

I recommend that the § 2241 petition for writ of habeas corpus be denied and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

[2] Although both parties refer to this action as a § 2254, because the petition is an attack on the execution of a sentence, it is a proceeding under § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).